UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HENRY FORD WILLIAMS and DANNY RAY MEEKS, | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:12-cv-01039 |
| | ) | Judge Campbell |
| v. | ) ) | |
| JEWEL STEELE, et al., | ) ) | |
| Defendants. | ) | |

# **O R D E R**

The plaintiff, inmates at the DeBerry Special Needs Facility in Nashville, Tennessee, bring this *pro se* action under 42 U.S.C. § 1983. (Docket No. 1).

Because there are two plaintiffs in this matter, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999)*; In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each plaintiff is liable for half or one-hundred seventy-five dollars ($175.00) of the filing fee. Any subsequent dismissal of a plaintiff's case, even if voluntarily, does not negate that plaintiff's responsibility to pay his portion of the filing fee. *Fox v. Koskinen,* No. 2:09-cv-160, 2009 WL 2507405, at *1 (W.D. Mich. Aug. 24, 2009)(citing *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

Plaintiff Henry Fold Williams has filed an application to proceed *in forma pauperis* (Docket No. 2) but plaintiff Danny Ray Meeks has neither submitted an application to proceed *in forma pauperis* nor his portion of the filing fee. Even though these plaintiffs wish to bring this lawsuit as co-plaintiffs, each must submit a separate application to proceed *in forma pauperis* for the court's consideration, should both plaintiffs wish to proceed as paupers.

**Plaintiff Henry Ford Williams**

Plaintiff Williams's application to proceed *in forma pauperis* is defective because the plaintiff has not provided a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2).

The plaintiff shall submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the date of the entry of this order, as required under 28 U.S.C. § 1915(a)(2) within thirty (30) days of the date he receives this order, if he wishes to proceed as a pauper in this case. Otherwise, he may submit his portion of the civil filing fee within thirty (30) days.

**Plaintiff Danny Ray Meeks**

Only plaintiff Henry Ford Williams signed the complaint. As per Rule 11(a), *Fed. R. Civ. P.*, every pleading must be signed by a party personally if the party is unrepresented. Therefore, both Plaintiffs must sign the complaint. The Clerk shall make a copy of the plaintiffs' complaint for the court's records and return the original complaint to plaintiff Meeks for his signature. Plaintiff Meeks is directed to sign and return the original complaint to the court within fifteen (15) days of his receipt of this order.

Plaintiff Meeks has not submitted an application to proceed *in forma pauperis* or his portion of the required civil filing fee. The Clerk is **DIRECTED** to send Plaintiff Meeks a blank application to proceed *in forma pauperis*. Plaintiff Meeks, in turn, is directed to do one of the following within thirty (30) days of the date that he receives this order: <u>either</u> (1) pay his portion of the filing fee; <u>or</u> (2) complete the application to proceed *in forma pauperis* and return the properly completed application to the district court.

**Both Plaintiffs**

The plaintiffs are forewarned that if they do not comply with this order within the specified time frames, the court is required under the law to presume that they are not paupers, assess each plaintiff his portion of the filing fee against him anyway, and dismiss his action for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If either plaintiff's case is dismissed under these circumstances, it will not be reinstated to the court's active docket despite subsequent payment of the filing fee, or correction of any documentary deficiency. *Id.* Moreover, the complaint must be signed by both plaintiffs and returned to the court in order for the plaintiffs to proceed as co-plaintiffs.

An extension of time to comply with this order may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this order. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED.**

　　　　　　　　　　　　　　　　　　Todd J. Campbell
　　　　　　　　　　　　　　　　　　United States District Judge