# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **HENRY FORD WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 3:12-cv-01039 |
| | ) | **Judge Campbell** |
| v. | ) | |
| | ) | |
| **JEWEL STEELE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## **O R D E R**

Plaintiff Williams, proceeding *pro se* and *in forma pauperis*, has filed a Motion to Review (Docket No. 34) the Magistrate Judge's Order of December 20, 2012. (Docket No. 27).

The plaintiff's motion seeks the review of an order entered by the Magistrate Judge ruling on a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), Fed. R. Civ. P. Therefore, the court may only modify or set aside the Magistrate Judge's ruling if it is found to be clearly erroneous or contrary to law. (*Id.*)

In an Order entered on December 20, 2012, the Magistrate Judge noted that the plaintiff had submitted to the Clerk a completed service packet (a summons and USM 285 form) for service of process upon "D. Anthony Pender" (Pender). (Docket No. 27 at p. 1). The Magistrate Judge directed the Clerk not to issue service of process to Pender and to return the service packet to the plaintiff because (1) Pender was not named as a defendant in the complaint; (2) although Pender is mentioned in the complaint's prayer of relief, such a cursory reference fails to state a claim under 42 U.S.C. § 1983; and (3) the complaint describes Pender as an "inmate legal advisor," and an inmate cannot sue another inmate under 42 U.S.C. § 1983. (*Id.*)

Upon review, the Magistrate Judge's non-dispositive ruling challenged by the plaintiff in his Motions for Review is not clearly erroneous or contrary to law. Even if the plaintiff sought to amend his complaint to allege Section 1983 claims against Pender, as the Magistrate Judge has explained, a defendant sued under Section 1983 must act "under color of state law." Prison inmates do not act under color of state law. Thus, an amendment to allege Section 1983 claims against Pender would be futile. Accordingly, the plaintiff's Motion to Review (Docket No. 34) is **DENIED**.

The plaintiff contends that Pender has critical information in connection with the plaintiff's case. (Docket No. 34 at pp. 1-2). The court's instant ruling does not prohibit the plaintiff from calling Pender as a witness on his behalf.

It is so **ORDERED.**

Todd J. Campbell
United States District Judge