IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HENRY FORD WILLIAMS )
)
v. ) NO: 3:12-1039
)
JEWEL STEELE, et al. )

TO: Honorable Todd J. Campbell, District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 29, 2012 (Docket Entry No. 19), this prisoner civil rights action was referred to the Magistrate Judge, pursuant 28 U.S.C. §§ 636(b)(1)(A) and (B), for management of the case, for decisions on all pre-trial non-dispositive motions, to issue a report and recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

In the Order of referral, the Court found that the pro se plaintiff, who was an inmate of the Tennessee Department of Correction at the time the lawsuit was filed, had alleged arguable Eighth Amendment claims under 42 U.S.C. § 1983 against Jewel Steele and Robert Burns, two employees at the DeBerry Special Needs Facility. Process was issued to the defendants in the action and pre-trial proceedings occurred. On July 15, 2013, Defendant Burns filed a suggestion of death of the Plaintiff stating that he had died on July 7, 2013, and that, based on information and belief, the Plaintiff was survived by Linda Gail Jones Williams, to whom public records reflect he was married, and by a son, Jamin Nahshon Williams. See Docket Entry No. 56.

By Order entered July 22, 2013 (Docket Entry No. 60), the Court noted that the suggestion of death for the Plaintiff had been filed on July 15, 2013, and gave the successor or representative of the Plaintiff until October 21, 2013, to file a motion to substitute a party for the Plaintiff. The Court advised that the action would be dismissed if a motion to substitute was not filed by that date. The July 22, 2013, Order was sent to Linda Williams and to Jamin Nahshon Williams by certified mail at addresses provided by Defendant Burns in the suggestion of death. See Docket Entry No. 62. The docket in this action indicates that the return receipt card for the copy of the Order mailed to Linda Williams by certified mail was signed on August 2, 2013, by "Linda Williams," see Docket Entry No. 63, and that the certified mail sent to Jamin Williams was returned unclaimed. See Docket Entry No. 64.[1]

To date, a motion for substitution has not been filed, nor has any response been made to the Order entered July 22, 2013. Rule 25(a)(1) of the Federal Rules of Civil Procedure provides as follows:

> **Substitution if the Claim Is Not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

### RECOMMENDATION

Accordingly, the Court RECOMMENDS that this action be DISMISSED WITH PREJUDICE in accordance with Rule 25(a)(1) because no motion of substitution was filed within 90 days after the July 15, 2013, suggestion of death on the record. The Court further

---

[1] The mailing sent to Jamin Williams by regular, first class mail has not been returned.

RECOMMENDS that the motion to dismiss (Docket Entry No. 58) filed by Defendant Steele be DENIED without prejudice as moot in light of the recommendation that this action be dismissed pursuant to Rule 25(a)(1).

The Clerk is directed to send a copy of this Report and Recommendation to Linda Williams, 3540 Pleasant Grove Road, White House, Tennessee 37188-5073, and Jamin Williams, 149 Granda Flora Drive, White House, Tennessee 37188-8218, by regular, first class mail and by certified mail.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        JULIET GRIFFIN
        United States Magistrate Judge